Curia, per

O’Neall, J.
In this case, the first question which I shall consider is, whether the case was properly referred to the clerk. The Act of 1809, 7 Statutes at Large, 308, directs “that in all actions now pending, or hereafter to be brought, on any liquidated demand, wherein the defendant or defendants shall have suffered an order for *477 judgment to be entered against him or them, it shall not be necessary for the plaintiff or plaintiffs to prove his, her or their demand, or execute a writ of inquiry, but the same shall, on motion to the court, be referred to the clerk, to ascertain the sum actually due, and judgment shall be entered up accordingly for the sum so ascertained.” The question, what is a liquidated demand within the meaning of this Act, must be fixed with perhaps more precision than was done in Crowther vs. Sawyer & Steele. As was then said, it ascertains and fixes by writing, with or without seal, the plaintiff’s debt; but it must also be the writing of the defendant, actually or by operation of law. A judgment is ihe ascertained debt of the defendant, by evidence in writing, the record which authoritatively and conclusively declares it to be the debt of the defendant; and hence it is ascertained by that which is in law his writing. But there is no other case of which I am aware, where a demand in writing, to which the defendant is not a party by his signature, can be called a liquidated demand. The one which would approach nearest to it, would be in an aetion on an award; that, when the result of a written submission, might be referred. In England, whence we have adopted this practice, after interlocutory judgment by default, it seems that the Judges will refer to both master or prothonotary, on an affidavit, of the nature of the aetion, actions upon bills of exchange and promissory notes, and covenants for the payment of a sum certain, as upon a mortgage, or for rent, or arrears of an annuity, or an award, in order to compute the principal sum due, and the interest. 1 Tidd’s Prac. 570. They have refused, in every case, however, to make such reference, where there was the slightest uncertainty as to the obligation of the debt, or the interest due. 1 Tidd’s Prac. 571-2. In the various cases cited in the argument, no instance was brought to our view where the court had, in this State, referred a demand to the clerk, to which the defendant was not a party by his signature. It was, however, contended with great force, that the default admits every thing stated in the record, and here, as it was alleged that the defendant had accepted the bill, and that was in writing, there was nothing to prevent a reference. When a demand is with *478 in the Act, as when he is a party in writing to the liquidated demand, then, as is said in the Bank vs. Vaughan, 2 Hill, 557, “ the defendant’s default confesses the action,” and “ the Act regards the demand as set out on the record, to be confessed, so as to require no proof, and to dispense with the execution of a writ of inquiry.” That case was on a note of hand, made or indorsed by the defendant. The copy was filed with the declaration, and on that the clerk made his assessment, and it was held to be good, for the defendant, by writing, was a party to an instrument which ascertained the sum due. But if that case had not been within the Act of 1809, it could not have been said that a default did more than admit a cause of action. 1 Brev. Rep. 300. Such an admission as that would not prevent this case from being the subject of a writ of inquiry. The action here is on a bill of exchange drawn on the defendant. He did not accept in writing. His default is satisfied by any damages ; for it may be that in ignorance of the true cause of action, he supposed the plaintiff to have some slight cause, which he was not willing to litigate ; or that, knowing they claimed to recover on this bill, and believing that they could not prove his acceptance, he preferred to let them even have a nominal verdict against him, rather than be at the expense of defending himself.
It is true these are mere suppositions, but in this way a default may be satisfied without going the whole, and saying the precise cause of action is admitted.
The danger of referring demands to the clerk, unvouched by the writing of the defendant, is strikingly illustrated by this case. Here a demand, without the slightest evidence on its face of the defendant’s liability to pay it, is referred to the clerk, who merely calculates the sum due, and thereupon, without a shadow of proof, the defendant is, by the judgment of the court, as is set out on the record, considered to be liable to pay the sum so ascertained. Such a judgment, without proof to sustain.it, cannot be supported; for the clerk had no right to assess damages against the defendant, on a paper to which his eyes would tell him he is no party. In England, the mere absence of a precedent to refer an action on a foreign judgment, was *479 held to be reason enough to prevent the reference. 1 Tidd’s Prac. 571. So, here, the absence of a precedent is enough to prevent the reference of such a case as the present.
The judgment must, therefore, be set aside as irregular. Being set aside, I think the only objection to the defendant’s appearance is removed. When the final judgment is regular, the defendant is not allowed to set it aside, and to appear and plead, on account of his attorney neglecting to appear for him; for when the judgment goes against a defendant properly served, and under no legal disability, it concludes every previous matter between the parties. But when the case is not concluded, and the defendant is able to bring himself within the rule that his failure to appear resulted from the act of God, or his attorney, then he is entitled to appear and plead. In this case the defendant has sworn he employed Mr. Eckhard to appear for him ; and although it is manifest that there was some mistake between Mr. Eckhard and him about it, yet there can be no doubt of the fact of employment; and when this is made out, the failure to appear ceases to be the act of the client; and according to the rule he must be let in, to appear and plead.
The motion to reverse the decision of the Recorder is granted. The judgment entered up on the assessment by the clerk is set aside ; so is the order for judgment by default, and the defendant is permitted to appear and plead issuably.
Richardson, Evans, Butler and Frost, JJ. concurred.